UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| ZURICH AMERICAN INSURANCE COMPANY<br><br>Plaintiff(s),<br><br>v.<br><br>623337 CANADA INC. dba ROCKWELL TRUCK LINE<br><br>Defendant(s). | Case No.:<br><br>**COMPLAINT FOR DAMAGE TO CARGO DURING INTERSTATE TRANSIT** |

Plaintiff's complaint follows:

1. This action involves a claim against Defendant for damage to certain industrial switchgears (the Cargo) following a truck overturn while in transit in this District. The Cargo originated in Windsor, Ontario and was to be delivered to Fletcher, North Carolina. Defendant's driver crashed its truck near Knoxville and the switchgears were damaged in the amount of $290,712.00.

2. Plaintiff Zurich American Insurance Company (ZAIC) is a New York corporation engaged in the insurance business with a statutory home office located at 4 World Trade Center, 150 Greenwich Street, New York, NY 10007, and its principal place of business located at 1299 Zurich Way, Schaumburg, Illinois 60196. It is authorized to transact business and has transacted business in this state and at all times relevant was the cargo insurer of Eaton Corporation, the owner of the subject switchgears.

3. Defendant 623337 CANADA INC. dba ROCKWELL TRUCK LINE ("ROCKWELL") is a foreign corporation with its principal place of business located at 11277 County Road 42, Tecumseh ON N8N 2M. ROCKWELL is

licensed by the Federal Motor Carrier Safety Administration and is regularly doing business in the United States as a motor truck common carrier of goods for hire and bailee for hire. ROCKWELL can be served at its designated agent Vivan G. Mitchell, 4100 Westgate Drive, Knoxville, TN 37921.

4. Plaintiff's complaint contains a cause of action for damage to cargo arising under the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 14706, and is therefore within the jurisdiction of this Court pursuant to 28 U.S.C. §1331, as more fully appears herein. The Court also has jurisdiction under 28 U.S.C. §1332 because the matter in controversy exceeds the sum of value of $75,000, exclusive of interest and costs, and is between a domestic and a foreign corporation, or alternatively under 28 U.S.C. §1367. Venue is proper in this District pursuant to 49 U.S.C. §14706(d)(1) and (2) and pursuant to 28 U.S.C. §1391(b)(2).

5. On or about November 1, 2023, defendant ROCKWELL received the CARGO for transport and delivery to Fletcher, North Carolina. ROCKWELL agreed in return for good and valuable consideration, to receive, properly care for, and safeguard the CARGO during truck carriage to North Carolina, and to deliver the switchgears in the same good order, condition, and quantity as when received.

6. Thereafter, in breach of and in violation of said agreements and their duties, ROCKWELL did not deliver said Cargo in the same good order, condition, and quantity as when received. To the contrary, the Cargo was damaged on or around November 2, 2023, as the result of a truck overturn in or around Knoxville, Tennessee.

7. Prior to the shipment of the herein described cargo and prior to any loss thereto, Plaintiff ZAIC issued its policy of insurance whereby Plaintiff ZAIC agreed to indemnify the owner of the Cargo, and its assigns, against loss of or damage to said cargo while in transit, and Plaintiff ZAIC has therefore become obligated to pay, and has paid, to the person entitled to payment under said policy the sum of $290,712 to its insured for the damage to the Cargo. ZAIC brings this action as the

subrogee of the owner of the CARGO.

## FIRST CAUSE OF ACTION

### (Carmack Liability)

8. Plaintiff realleges and incorporates herein with like force and effect every allegation of paragraphs 5 through 8 as set forth above.

9. Plaintiff is informed and believes and alleges that on or around November 1, defendant, acting as a motor carrier, received the CARGO in good order and condition. Defendant agreed under contract(s) of carriage and in return for good and valuable consideration, to carry said cargo through Tennessee and to deliver said cargo in North Carolina to the lawful owners and others, in the same good order, condition, and quantity as when received.

10. Thereafter, in breach of and in violation of said agreements, defendant did not deliver said cargo in the same good order, condition and quantity as when received. To the contrary, defendant delivered the cargo in damaged condition. The damage totaled some $290,712.00, and Plaintiff was damaged in that amount.

## SECOND CAUSE OF ACTION

### (Breach of Contract of Carriage)

11. Plaintiff realleges and incorporates herein with like force and effect every allegation of paragraphs 5 through 7 as set forth above. This cause of action is expressly pled in the alternative in the event the Court holds that there is no statutory cause of action under the Carmack Amendment against defendant.

12. Plaintiff is informed and believes and alleges that on or around November 1, 2023, defendant received the CARGO in good order and condition. Defendant agreed under contracts(s) of carriage and in return for good and valuable consideration, to carry said cargo to North Carolina and there deliver said cargo to the lawful owners and others, in the same good order, condition, and quantity as when received. Plaintiff's insured was the owner of the subject cargo and a party to and/or intended beneficiary of the subject contract(s).

13.     Thereafter, in breach of and in violation of said agreements, defendant did not deliver said cargo in the same good order, condition, and quantity as when received. To the contrary, defendant delivered the cargo in a damaged condition and/or non-delivered the cargo. The reasonable value of the damaged/non-delivered cargo, plus incidental expenses, was $290,712 and Plaintiff was damaged in that amount.

## THIRD CAUSE OF ACTION
### (Negligence)

14.     Plaintiff realleges and incorporates herein with like force and effect every allegation of paragraphs 5 through 8 as set forth above. This cause of action is expressly pled in the alternative in the event the Court holds that there is no statutory cause of action under the Carmack Amendment against defendant, UP.

15.     Defendant was negligent in causing and/or permitting the CARGO to be damaged. Said negligence includes, without limitation, errors in shipping instructions, handling, routing, vehicle handling, and carriage of the said cargo, among other acts. Plaintiff cannot more specifically allege Defendants' acts or omissions constituting negligence absent discovery, as Defendant has failed to explain how its truck overturned.

16.     To date, ROCKWELL has failed to provide information or documentation about how the cargo became damaged other than to mention an overturn event. Accordingly, Plaintiff expects that discovery will turn up additional factual grounds for negligence, and Plaintiff invokes and relies upon the doctrine of *res ipsa loquitor* because the character of the loss was such that it would not have happened in the absence of negligence, and the instrumentality causing the occurrence was exclusively within the Defendants' control.

17.     As a direct and foreseeable consequence of defendant's negligence, the said cargo became damaged and unfit for its intended purpose. As a result, Plaintiff was damaged in the amount of $290,712 no part of which has been paid, despite

demand therefor.

## DAMAGES

18. As a direct and proximate result of Defendants' negligence, carelessness, lack of due care, breach of duty or breach of contract, Plaintiff has sustained damages of a total claim of $290,712.00, together with interest and costs of this action, none of which has been paid by Defendants despite due demand.

19. Plaintiff ZAIC is a fully subrogated insurer and assignee with standing to recover for the damaged Cargo.

Wherefore, Plaintiff Zurich American Insurance Company, prays that Defendants be cited to answer and appear and that upon final trial, Plaintiff has, among other things:

a. Judgment against Defendant in the amount of $290,712.00.
b. Pre-judgment interest dated from November 3, 2023;
c. Post-judgment interest;
d. Court costs, and
e. Such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

/s/ Travis J. Ledgerwood
Travis J. Ledgerwood-TN BPR #22888
*Attorney for Plaintiff, Zurich American Insurance Company*
1299 Zurich Way, St. 300
Schaumburg, Illinois 60196
(901) 748-6021
Travis.ledgerwood@zurichna.com